## Case No. 13,465.

STOCKWELL v. KEMP et al.

HUFFMAN v. SAME.

[4 McLean, 80.] [1]

Circuit Court, D. Indiana. May Term, 1846.

EXECUTION—REPLEVIN BOND—SALE OF LAND—VALUATION LAWS.

1. Securities on a replevin bond are entitled to have their land sold, under the law in force at the date of the bond.

2. A sale on other principles will be set aside on motion.

[These were bills by Michael Stockwell and Benjamin Huffman against Kemp and Buchey. Heard on motion to set aside a sale.]

Mr. Smith, for plaintiffs.
Mr. Bright, for defendants.

McLEAN, Circuit Justice. Motions are made in both of these cases resting upon the same facts. On the 21st of November, 1842, Kemp and Buchey recovered a judgment in this court against John Sims, for two thousand four hundred and seventeen dollars and seventy-eight cents, and costs; and on the 21st of January, 1843, the above plaintiffs executed a replevin bond to stay the execution of the judgment. Before the stay had expired, John Sims, the judgment defendant, died; after which execution was issued against the plaintiffs on the replevin bond, which, under the statute of Indiana, has the force and effect of a judgment. The execution was levied on the real estate of the plaintiffs, which was appraised, in the first instance, under the statute, but was afterward sold by order of the plaintiffs in the execution, without the consent of the defendants, and in disregard of the appraisement. The sale has been returned, and a motion is now made to set it aside.

The ground relied on is, that the lands levied upon can only be sold on the appraisement or valuation laws of the state of Indiana, in force at the date of the replevin bond. These laws require real estate to sell for two-thirds of its appraised value. Acts 1842, p. 64.

The motion must be sustained, and the sale will be set aside. The replevin bond was a contract, by which the plaintiffs in the motion became bound,—an instrument authorized by the statute, and to which the effect of a judgment was imparted. The liability of the defendants in the execution arises wholly under this bond, and no reference can be had, to the original instrument on which the first judgment was obtained. This being a statutory bond, the liability under it, must be enforced conformably to the laws then in force; whilst the stringent provision of the act, making this bond a judgment, other acts in pari materia, which are in some

1 [Reported by Hon. John McLean, Circuit Justice.]

degree favorable to the execution defendants, must also be applied. The sale on the execution, by the marshal, is set aside.